IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JAY ASHCROFT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-CV-01062 SEP |
| | ) | |
| JOSEPH BIDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| THE STATE OF MISSOURI, | ) | |
| ex rel. ANDREW BAILEY, in his | ) | |
| official capacity as | ) | |
| Missouri Attorney General, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-CV-01063 |
| | ) | |
| JOSEPH BIDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR AN
EXPEDITED PRELIMINARY INJUNCTION**

MARK F. (THOR) HEARNE, II
*True North Law, LLC*
112 S. Hanley Road, Suite 200
St. Louis, Missouri 63105
(314) 296-4000
thor@truenorthlawgroup.com

Attorney of Record for Jay Ashcroft,
John Thurston, Kimberly Bell, and Kurt Bahr

Secretary of State Jay Ashcroft
(pro hac vice application pending)

Frank Jung, General Counsel
(pro hac vice application pending)
600 W. Main
Jefferson City, MO 65101

ANDREW BAILEY
JAMES S. ADKINS
*Office of the Attorney General of Missouri -
Jefferson City*
207 W. High St.
P.O. Box 899
Jefferson City, MO 65102-0899
(573) 751-7890
jay.atkins@ago.mo.gov

JEREMIAH J. MORGAN
D. SCOTT LUCY

Attorneys of Record for State of Missouri

The Plaintiffs in these two cases are the State of Missouri, Jay Ashcroft and John Thurston, the Secretaries of State for Missouri and Arkansas, and local election officials, McDonald County Clerk Kimberly Bell and St. Charles County Director of Elections Kurt Bahr. These Plaintiffs ask this Court to enter a preliminary injunction as provided by Federal Rules of Civil Procedure 57 and 65 against the Defendants, President Biden and those federal agencies and officials named in the Complaint.

In support of this motion the Plaintiffs state the following:

1. On March 7, 2021, President Biden signed Executive Order 14019 (EO 14019). EO 14019 requires all federal agencies to develop a plan to register voters and support get-out-the-vote and ballot harvesting efforts. EO 14019 further directs these executive agencies to identify and "partner" with third-party organizations chosen by the Biden Administration to conduct these get-out-the-vote and ballot harvesting efforts. No statute or congressional enactment authorizes the President to direct executive branch agencies and employees to engage in this election activity. With EO 14019, President Biden acts beyond that authority Congress has delegated to the Executive Branch in violation of the Constitution and contrary to existing federal law.

2. President Biden's Executive Order is unconstitutional because it violates state sovereignty and federalism by pressing state and local election officials into federal service to process, review and validate voter registration forms and mail-in ballot requests (among other tasks) at the expense of state and local government. This is contrary to the Tenth Amendment. See *Printz v. U.S.*, 521 U.S. 898 (1997).

3. Executive Order 14019 violates the Separation of Powers because President Biden had no congressional or constitutional authority granting President Biden the authority to issue EO 14019. Furthermore, EO 14019 directs federal agencies and officials to take action and spend

2

funds to engage in matters beyond and outside the scope of those activities Congress has authorized and directed these agencies to engage in. EO 14019 directs federal agencies to spend funds and resources for purposes Congress has not authorized and for which Congress has not appropriated funds.

4. Executive Order 14019 violates the Elections Clause of the Constitution. The Elections Clause provides, in relevant part, "[t]he Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the *Congress* may at any time *by Law* make or alter such Regulations, except as to the Places of chusing Senators." Art. I, § 4, cl. 1 (emphasis added). The Elections Clause similarly provides that "[e]ach State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors," who in turn elect the President. Art. II, § 1, cl. 2. As such, the Elections Clause directs *the States* to determine the "times, places and manner" of elections including representatives to the House and senators and presidential electors.

5. Executive Order 14019 is unlawful for the additional reason that it directs federal employees to violate the Hatch Act, 5 U.S.C. §§ 7321-7326. The Hatch Act provides, in relevant part, that federal employees, with limited exceptions, *may not* "use [their] official authority or influence for the purpose of interfering with or affecting the result of an election; [ ] knowingly solicit, accept, or receive a political contribution from any person ... or [ ] knowingly *solicit or discourage the participation* in any political activity of any person who" has applied for employment with or has a matter involving a contract, license, or permit pending before the federal agency or is being audited or investigated by that agency or subject to the agency's enforcement action. *Id.* § 7323(a) (emphasis added).

3

6. Plaintiffs seek declaratory and injunctive relief to affirm their constitutional role and authority over the conduct of elections. The States and local election officials that must devote state and local funds to respond to the mandate and consequences of EO 14019 and bear the costs and burdens that EO 14019 imposes upon state and local government have standing to challenge the constitutionality and legality of EO 14019.

7. This Court's expedited intervention by issuing declaratory relief and enjoining these agencies from engaging in unconstitutional and unlawful conduct is necessary because: (1) voter registration and absentee ballot deadlines for the 2024 General Election are rapidly approaching and in some states the registration to vote and early voting has already begun; and (2) election officials are training election judges in the coming weeks about, *inter alia*, identification requirements that are affected by EO 14019. The States, state election officials, and voters will be irreparably harmed if this Court does not enter an order enjoining President Biden and the defendant agencies from implementing EO 14019.

8. Plaintiffs are submitting a memorandum in support of this motion contemporaneously with this motion and incorporate same herein.

## CONCLUSION

Executive Order 14019 is unconstitutional and unlawful for those reasons explained in the Plaintiffs' complaint and other pleadings and briefs in support of this motion. Accordingly, Plaintiffs respectfully ask this Court to expedite these proceedings and enjoin President Biden and the defendant agencies and officials from taking any action or spending any funds to implement EO 14019 or making federal employees or facilities available to implement EO 14019. This Court can and should enjoin President Biden and the executive branch departments and agencies from implementing this unconstitutional and unlawful order.

Respectfully submitted this 25th day of September, 2024.

*/s/ Mark F. (Thor) Hearne, II*
MARK F. (THOR) HEARNE, II
*True North Law, LLC*
112 S. Hanley Road, Suite 200
St. Louis, Missouri 63105
(314) 296-4000
thor@truenorthlawgroup.com

Attorney of Record for Jay Ashcroft,
John Thurston, Kimberly Bell, and Kurt Bahr

*/s/ Jay Ashcroft*
Secretary of State Jay Ashcroft
(pro hac vice application pending)

*/s/ Frank Jung*
Frank Jung, General Counsel
(pro hac vice application pending)
600 W. Main
Jefferson City, MO 65101

*/s/ James S. Atkins*
JAMES S. ADKINS
ANDREW BAILEY
*Office of the Attorney General of Missouri - Jefferson City*
207 W. High St.
P.O. Box 899
Jefferson City, MO 65102-0899
(573) 751-7890
jay.atkins@ago.mo.gov

Attorneys of Record for State of Missouri

*/s/ Jeremiah J. Morgan*
JEREMIAH J. MORGAN

*/s/ D. Scott Lucy*
D. SCOTT LUCY